IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| DENISE PISKULIC, | ) | C.A. No: 25xx99999  1:25-724-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | COMPLAINT |
| STANLEY MARTIN HOMES, LLC | ) | (Jurt Trial Demanded) |
| Defendant, | ) | |
| | ) | |
| _____ | ) | |

Plaintiff above named, alleges and shows as follows:

1. Plaintiff, Denise Piskulic (hereinafter "Ms.Piskulic"), is a citizen and resident of the State of Illinois who was injured in Aiken County, SC on March 16, 2022.

2. Defendant Stanley Martin Homes, LLC is a Delaware corporation licensed to do business in South Carolina. Defendant is in the business of developing residential neighborhoods through the US and in several areas of Soth Carolina including the Aiken area.

3. Defendant Stanley Martin Homes has developed a residential neighborhood in Aiken South Carolina called Hitchcock Crossing located at 315 Wando Ridge. At all times relevant to the matters alleged herein, the agents and employees of the defendant were acting within the scope of her employment/agency with the Defendant Stanley Martin Homes which is vicariously liable for those actions and conduct.

## JURISIDICTIONAL STATEMENT

4. The Court has jurisdiction of this action and venue is proper in Aiken County because the acts and omissions at issue in the present action occurred in Aiken County and involved the business of all the Defendants conducted in Aiken County, SC. The Defendants also are diverse; thus, jurisdiction is appropriate pursuant to 18 U.S.C. Sect. 1332.

## FACTUAL BACKGROUND

5. In early March 2022 Plaintiff was interested in moving her residence to South Carolina from Illinois.

6. Plaintiff had retained a realtor who had recommended the Aiken area.

7. Plaintiff had come upon Defendant Stanley Martin Homes Hitchcock Crossing Development located at 315 Wando Ridge in Aiken SC.

8. Plaintiff had made contact with Defendant's employee Heide Mitchell to make arrangement to travel to Aiken, SC and tour a Stanley Martin Homes Model Home at Hitchcock Crossing.

9. Defendant Stanley Martin does not allow prospective buyers at Hitchcock Crossing to have their personal realtor accompany the prospective buyer to the model home showings, rather Stanley Martin Homes requires you meet exclusively with their sales team.

10. Plaintiff had a tour scheduled with Stanley Martin Homes employee, Julisa Jackson, to tour the Stanley Martin Hitchcock Crossing model home on March 16, 2022.

11. Plaintiff arrived at the model home at the appointed time and procced up the model home driveway where she encountered a low-rise trip hazard which was painted white and blended in with the concrete driveway. Plaintiff tripped over the obstruction, fell forward on her face causing: a broken nose, severe contusions abrasions, injuries to her knees, shoulder and back from force of the fall.

12. Defendant Stanley Martin Homes, its agents and employees, created and placed the obstruction, trip hazard in an area where customers are expected to be, and in a manner where the obstruction would be seen or appreciated as a hazard.

13. Plaintiff Piskulic sought medical treatment for her injuries both in South Carolina and Illinois. Ultimately the Plaintiff required two surgeries because of the fall and still has lingering pain that limits her activities of daily living.

<div style="text-align:center">

FOR A FIRST CAUSE OF ACTION
(Negligence/Gross Negligence)

</div>

14. Plaintiff realleges the allegations set forth in Paragraph 1 through 13 as if fully repeated herein.

15. Defendant Stanley Martin Homes, their employees, agents, and/or representatives knew or should have known that item placed in the driveway of the Model Home at Hitchcock Crossing created a dangerous, latent condition and presented a trip and fall hazard for invitees and/or licensees, including Ms. Piskulic.

16. Defendant John Doe and/or his/her employees, agents, and/or representatives knew or should have known that the known that item placed in the driveway of the Model Home at Hitchcock Crossing created a dangerous, latent condition and

<div style="text-align:center">3</div>

presented a trip and fall hazard for invitees and/or licensees, including Ms. Piskulic.

17. Defendant Stanley Martin Homes, their employees, agents, and/or representatives knew or should have known the known that the item placed in the driveway of the Model Home at Hitchcock Crossing lacked any warning and/or safety accommodations, including, but not limited to, a warning strip and/or sign

18. Defendant John Doe and/or his/her employees, agents, and/or representatives knew or should have known the item placed in the driveway of the Model Home at Hitchcock Crossing lacked any warning and/or safety accommodations, including, but not limited to, a warning strip and/or sign

19. Defendant Stanley Martin Homes their employees, agents, and/or representatives undertook and were under a duty to Ms. Piskulic and others to maintain a reasonably safe environment and warn of latent conditions and/or trip and fall hazards at Hitchcock Crossing at all times.

20. Defendant John Doe and/or his/her employees, agents, and/or representatives undertook and were under a duty to Ms. Piskulic and others to maintain a reasonably safe environment and warn of latent conditions and/or trip and fall hazards at Hitchcock Crossing at all times.

21. Defendant Stanley Martin Homes their employees, agents, and/or representatives undertook and were under a duty to Ms. Piskulic and others to maintain the Model Home and its surroundings in a reasonably safe manner free of hidden and latent dangerous conditions in compliance with local building codes, regulations, and/or standards.

22. Defendant John Doe and/or his/her employees, agents, and/or representatives undertook and were under a duty to Ms. Piskulic and others to maintain the Model Home and its surroundings in a reasonably safe manner free of hidden and latent dangerous conditions in compliance with local building codes, regulations, and/or standards.

23. Defendants Julisa Jackson and Stanley Martin Homes their employees, agents, and/or representatives undertook and were under a duty to Ms. Piskulic and others to provide proper warning of dangerous, latent conditions and trip and fall hazards.

24. Defendant John Doe and/or his/her employees, agents, and/or representatives undertook and were under a duty to Ms. Piskulic and others to provide proper warning of dangerous, latent conditions and trip and fall hazards.

25. Defendant Stanley Martin Homes their employees, agents, and/or representatives undertook and were under a duty to Ms. Piskulic to exercise reasonable and/or ordinary care for her safety while at Stanley Marin's Hitchcock Crossing.

26. Defendant John Doe and/or his/her employees, agents, and/or representatives undertook and were under a duty to Ms. Piskulic to exercise reasonable and/or ordinary care for her safety while at Stanley Marin's Hitchcock Crossing.

27. Defendants, John Doe, Stanley Martins Homes, their employees, agents, and/or representatives breached those duties of care and acted with negligence, gross negligence, willfully, wantonly, recklessly, and with careless disregard for Ms. Piskulic's safety by, among other things:

    (a)    placing an obstruction in the driveway and walkway in a manner that created dangerous, latent condition such that invitees and/or licensees,

including Ms. Piskulic, who would be unable to notice the existence of the obstruction;

(b) failing to provide proper warnings to invitees and/or licensees, including Ms. Piskulic, who walked through the driveway of the existence of the obstruction and the dangerous, latent condition and/or trip and fall hazard that it presented;

(c) failing to maintain Stanly Martin Homes at Hitchcock Crossing in a safe and reasonable manner;

(d) failing to provide proper warnings and/or safety accommodations at the location of and/or adjacent to the obstruction;

(e) creating a dangerous, defective, and latent condition at Stanley Martin Homes at Hitchcock Crossing in the form of, but not limited to; the white obstruction placed in the driveway/walkway of the Stanley Martin Model Home, and

(f) allowing the dangerous, defective, and latent condition at Stanley Martin Homes at Hitchcock Crossing in the form of, but not limited to; the white obstruction placed in the driveway/walkway of the Stanley Martin Model Home.

28. As a direct and proximate result of the Defendants' negligence and gross negligence, Ms. Piskulic suffered permanent damages including, but not limited to, extreme pain and suffering, medical costs and injuries to her person, and attorney's fees for bringing this action.

<div style="text-align:center">

FOR A SECOND CAUSE OF ACTION
(Negligent Training/Supervision)

</div>

29. Plaintiff realleges the allegations set forth in Paragraph 1 through 28 as if fully repeated herein.

30. Defendant Stanley Martin Homes, LLC has a duty to train and supervise their agents and employees to ensure their properties including Model Homes are free

of any hazard, non-marked obstructions, other fall hazards, and not to create a dangerous condition on their property that customers will encounter.

31. Defendant Stanley Martin Homes, LLC has a duty to train and supervise their agents and employees to ensure any hazard, obstructions, other fall hazards, and other dangerous conditions, on their property that customers will encounter, are properly marked to warn customers of their existence.

32. Defendant Stanley Martin Homes, LLC breached its a duty by failing to train and supervises their agents and employees to ensure their properties including Model Homes are free of any hazard, non-marked obstructions, other fall hazards, and not to create a dangerous condition on their property that customers will encounter.

33. Defendant Stanley Martin Homes, LLC breached its duty by failing to train and supervise their agents and employees to ensure any hazard, obstructions, other fall hazards, and other dangerous conditions, on their property that customers will encounter, are properly marked to warn customers of their existence.

34. As a direct and proximate result of the Defendant's negligence and gross negligence, Ms. Piskulic suffered permanent damages including, but not limited to, extreme pain and suffering, medical costs and injuries to her person, and attorney's fees for bringing this action.

WHEREFORE, Plaintiff demands a jury trial and prayer for judgment against Defendants for actual and punitive damages, in excess of Seventy-Five Thousand Dollars, including, but not limited to, pain and suffering, medical costs, attorneys' fees and costs, and such other and further relief as the Court may deem proper.

<div style="display: flex; justify-content: space-between;">

Columbia, SC
February 10, 2025

Respectfully Submitted,

By: s/Frederick J. Jekel
Frederick J. Jekel, Esq. (Fed Bar No. 6465)
LEVENTIS & RANSOM
PO Box 11067
Columbia, SC 29211
803-765-2383
Facsimile: 803-799-1612
Fritz@J-Dlaw.com

</div>